IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID MICHAEL JURICH,

    Petitioner,

v.

JERI TAYLOR,

    Respondent.

Case No. 2:13-cv-01002-JE

FINDINGS AND RECOMMENDATION

David Michael Jurich, 13177857
Eastern Oregon Correctional Institution
2500 Westgate
Pendleton, OR 97801-9699

    Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Nicholas M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state-court conviction for murder. For the reasons that follow, the Petition for Writ of Habeas Corpus (#3) should be denied.

## BACKGROUND

On October 29, 2004, petitioner bludgeoned David Rice to death. At trial, he relied on an Extreme Emotional Disturbance ("EED") defense and presented expert testimony to support that defense. The jury rejected petitioner's EED defense and found him guilty of murder. As a result, the trial court sentenced him to life in prison with a 25-year minimum. Respondent's Exhibit 101.

Petitioner took a direct appeal, but his attorney was unable to find any potentially meritorious issues for appeal. This prompted counsel to file a *Balfour* brief.[1] Respondent's Exhibit 116. Petitioner included a Section B of the *Balfour* brief containing the claims he wished to raise, but the Oregon Court of Appeals affirmed the trial court's decision without opinion and the

---

[1] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." *State v. Balfour*, 311 Or. 434, 451, 814 P.2d 1069 (1991). The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *Id* at 452.

2 - FINDINGS AND RECOMMENDATION

Oregon Supreme Court denied review. *State v. Jurich*, 219 Or. App. 180, 181 P.3d 790, *rev. denied*, 344 Or. 670, 189 P.3d 26 (2008).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief. Respondent's Exhibit 153. The Oregon Court of Appeals affirmed the lower court's decision without opinion, and the Oregon Supreme Court denied review. *Jurich v. Mills*, 252 Or. App. 666, 291 P.3d 812 (2012), *rev. denied*, 353 Or. 280, 298 P.3d 30 (2013).

Petitioner filed this federal habeas corpus action on June 14, 2013. His Petition does not contain any formal claims, but instead attaches a letter he authored to the Attorney General informing her of the issues he intends to argue in this case. Under a liberal construction of the Petition, petitioner argues that Oregon's statutory scheme governing EED defenses purports to rely on the judgment of an ordinary person, thus experts should not have been allowed to testify at trial as to his mental state at the time of Rice's death. He also claims that where he was required to meet with mental health professionals to discuss the facts surrounding his crime, he was forced to either make incriminating statements or forego the EED defense altogether. Based upon these alleged errors, petitioner concludes that his trial violated his right to due process and the privilege against self-incrimination.

Respondent asks the court to deny relief on the Petition because petitioner failed to fairly present these claims to

3 - FINDINGS AND RECOMMENDATION

Oregon's state courts, leaving them procedurally defaulted. Despite three extensions of time, petitioner has not filed a supporting memorandum nor has he otherwise responded to this procedural argument.[2]

## DISCUSSION

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

---

[2] Petitioner's supporting memorandum was due on May 28, 2015.

4 - FINDINGS AND RECOMMENDATION

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A review of the record in this case reveals that petitioner included five *pro se* claims of trial court error in Section B of his Appellant's Brief. Respondent's Exhibit 116, p. 7. None of those claims correspond to the claims petitioner now raises in his Petition pertaining to the EED defense. Even if petitioner had included his EED claims in his Appellant's Brief, he failed to include any claims of any kind in his Petition for Review. Instead, counsel filed a *Balfour* Petition for Review wherein he specifically advised the Oregon Supreme Court that "Defendant was given an opportunity to submit a section B argument and has not done so." Respondent's Exhibit 118, p. 2. Accordingly, petitioner failed to fairly present his EED claims to the state courts,

5 - FINDINGS AND RECOMMENDATION

leaving them procedurally defaulted. Where petitioner has not excused the default, relief on the Petition should be denied.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#3) should be DENIED and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 6th day of August, 2015.

_____
John Jelderks
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION